IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO E., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:21-CV-3231-L-BK |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
|     DEFENDANT. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff seeks judicial review of a final decision by the Commissioner denying his application for supplemental security income and disability insurance benefits under the Social Security Act ("the Act").  Doc. 1.  Pursuant to 28 U.S.C. § 636(c) and *Special Order 3*, *Plaintiff's Motion for Summary Judgment*, Doc. 16, and Defendant's *Response Brief*, which the Court construes as a cross-motion for summary judgment, Doc. 18, are before the Court for findings and a recommended disposition.  For the reasons that follow, *Plaintiff's Motion for Summary Judgment* should be **DENIED**, Defendant's construed *Motion for Summary Judgment* should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

## I. BACKGROUND

### A. Facts

Plaintiff protectively filed applications for disability insurance benefits ("DIB") and supplemental security income on December 12, 2019, and September 30, 2019, respectively, alleging that he became disabled on January 1, 2014, due to a herniated disc, spinal stenosis,

depression, diabetes, high blood pressure, migraine headaches, and allergies. Doc. 11-1 at 15, 116, 129. Plaintiff was 32 years old on his alleged disability onset date. Doc. 11-1 at 116. He has a tenth-grade education and past relevant work as a general inspector, store laborer, material handler, and cleaner. Doc. 11-1 at 70, 375.

### B. Administrative Proceedings

#### 1. Request to Reopen

Plaintiff filed a prior DIB application alleging a disability onset date of September 16, 2013, which an administrative law judge ("ALJ") denied on September 5, 2018, finding that Plaintiff had not been under a disability as defined by the Act from his alleged onset date through the date of the decision (the "First DIB Case"). Doc. 11-1 at 15; Doc. 11-1 at 77-102. That decision was affirmed by the Appeals Council and a federal district court. Doc. 11-1 at 15; Doc. 11-1 at 103-06, 182-83. In the present case, Plaintiff requested that the Court reopen the First DIB Case and admit medical evidence therein into the record, arguing it was relevant to both the existence and longevity of Plaintiff's medical conditions. Doc. 11-1 at 45, 47-48; Doc. 11-1 at 438-40. The ALJ informed Plaintiff that he could submit additional evidence but noted she was disinclined to reopen the First DIB Case. Doc. 11-1 at 45-46.

#### 2. Denial of Benefits

In July 2021, the ALJ issued a decision denying Plaintiff's applications for benefits. Doc. 11-1 at 12-38. As an initial matter, the ALJ denied Plaintiff's request to reopen the First DIB Case because he had failed to show good cause and had even acknowledged that "the new claim was 'almost identical' to the prior claim except for the alleged onset date." Doc. 11-1 at 16. Thus, the ALJ determined that res judicata principles precluded any claim for benefits prior to September 6, 2018. Doc. 11-1 at 16.

2

Turning to the merits, the ALJ found that Plaintiff has the severe impairments of degenerative disc disease, migraine headaches, obesity, anxiety, and depression but retains the residual functional capacity ("RFC") to perform a limited range of sedentary work. Doc. 11-1 at 19-20. The ALJ also found that while Plaintiff cannot perform his past relevant work, he could perform the jobs of document preparer, addresser, and surveillance system monitor. Doc. 11-1 at 31-33. Accordingly, the ALJ ruled that Plaintiff was not disabled "from January 1, 2014 [sic], through the date of this decision." Doc. 11-1 at 33.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least twelve months. 42 U.S.C. § 423(d)(1)(A). In determining whether an individual is disabled, the Commissioner uses a five-step inquiry: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curium) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the

Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's decision is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. The Court is not under any obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment").

4

### III. ANALYSIS

####    A.  *Failure to Admit Evidence*

Plaintiff first argues that, in failing to admit evidence from the First DIB Case, the ALJ did not ensure the record was fully and fairly developed because the evidence contained the opinions of several healthcare providers who enumerated various restrictions on Plaintiff less than 12 months before his date last insured ("DLI") of December 31, 2018.[1] Doc. 16 at 6-7.

The regulation Plaintiff invokes provides that "[i]f applicable," the Commissioner "will develop [a claimant's] complete medical history for the 12-month period prior" to the [claimant's DLI]. 20 C.F.R. § 404.1512(b)(1)(ii). Here, Plaintiff's DLI was December 31, 2018. Doc. 11-1 at 17. The adjudication of his first DIB application covered the period through September 5, 2018, leaving a perceived "gap" of approximately three months. But the medical evidence in this case contains records dating from as early as 2016, and despite stating that she would not consider evidence that predated the First DIB Case, the ALJ expressly considered all of the earlier records with the exception of a one-page eye exam. Doc. 11-1 at 19-20.

Plaintiff nevertheless contends that "many of the records dating back to a year before [his] DLI were not before the ALJ," Doc. 21 at 3, even though they were filed in the First DIB Case, Doc. 16 at 7. Plaintiff has not, however, detailed the nature of the records or explained in

---

[1] Additionally, Plaintiff maintains that the ALJ's decision is inconsistent insofar as she determined that Plaintiff was not disabled "from January 1, 2014, through the date of this decision," but also stated that she would not consider any evidence prior to September 5, 2018 "because these records are outside of the relevant timeframe." Doc. 16 at 8. This appears to be a scrivener's error by the ALJ.

nonconclusory terms how he was prejudiced by their omission.[2]  *See* Doc. 16 at 10 ("Proper consideration of the evidence and application of the law may have resulted in a finding that the plaintiff was disabled as alleged."); *cf. Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996) (holding that to demonstrate prejudice, a claimant "must show that he 'could and would have adduced evidence that might have altered the result.'") (citation omitted).  To the extent Plaintiff argues that the ALJ erred in refusing to reopen the First DIB Case and in applying res judicata principles, this Court lacks subject matter jurisdiction to review those decisions.  *See Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) ("[a] refusal to reopen or a *res judicata* determination is not reviewable") (quoting *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983)).

### B. *Plaintiff's Mental Impairments*

Plaintiff next argues the ALJ could not have performed a proper analysis under 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2) because she attributed a medical opinion regarding his mental health solely to an advanced practice nurse ("APN") instead of to both the APN and the doctor who also signed it.  Doc. 16 at 9-10.  Defendant responds that any such error was harmless because both clinicians are "acceptable medical sources" under the regulations.  Doc. 18 at 17.

The applicable regulations require only that the ALJ "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [his] determination or decision." 20 C.F.R. §§

---

[2] For the same reason, the undersigned rejects Plaintiff's contention that the ALJ's refusal to admit the evidence associated with the First DIB Case violated certain provisions of the Commissioner's Hearings, Appeals & Litigation Law Manual.  *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (holding that violations of internal social security rulings constitute grounds for remand where prejudice results).

404.1520c(b)(2), 416.920c(b)(2). As Defendant notes, both physicians and APNs qualify as acceptable medical sources. 20 C.F.R. §§ 404.1502(a), 416.902(a). Plaintiff has identified no prejudice stemming from the ALJ's error in attributing the medical opinion solely to the APN. *Brock*, 84 F.3d at 728-29.

### C. Social Security Ruling 96-8

In full, Plaintiff's last argument states:

> The ALJ wrote that "[t]he claimant's ability to interact with his family and new medical staff demonstrates that despite his desire to isolate himself, he is capable of interacting with others." (Doc. 11-1 at 29) But certainly interactions with family, or medical staff in a special, controlled setting, is not a reflection of how an individual would perform in the work world. The ALJ should have considered the impact that work activity would have on Plaintiff and discussed "the ability to perform sustained work activities in an ordinary work setting, on a regular and continuing basis" for forty hours each week, in accordance with SSR 96-8p. This is clearly not the same as the narrow range of interactions discussed by the ALJ.

Doc. 16 at 10.

While Defendant expansively interprets this argument as asserting that "the ALJ gave insufficient weight to Plaintiff's testimony and reports concerning his difficulty managing social interaction," the Court declines to read the argument so broadly. "[T]o properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit cases." *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (citations omitted); *cf. Coury v. Moss*, 529 F.3d 579, 587 (5th Cir.2008) (deeming estoppel argument waived where defendants cited cases but failed to "explain how these cases constitute authority for their bare assertion that [plaintiff] is estopped to bring this litigation"); *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing."). While the holdings in these cases derive from the Federal Rules of Appellate Procedure, this Court's local rule similarly requires motions and

responses to be "accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities . . . ." N.D. TEX. L. CIV. R. 7.1(d); *see also Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *4 (N.D. Tex. Jan. 6, 2023) (Lindsay, J.) (finding issue was waived where the party merely argued in a conclusory fashion that a motion was meritless and cited a single case). Here, Plaintiff cites no case law and generally refers to only one sentence in the ALJ's opinion. By doing so, he has waived the issue. *Nichols*, 495 F.3d at 190.

Even if Plaintiff had not waived the argument, the ALJ's decision reflects that she complied with SSR 96-8's requirement to evaluate Plaintiff's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)." SSR 96-8, 1996 WL 374184, at *7 (July 2, 1996). The ALJ discussed the medical assessments and opinions, addressed the physical and mental restrictions proposed by the state agency medical consultants and Plaintiff's treating APN, and considered Plaintiff's testimony and activities of daily living at length. Doc. 11-1 at 28-31, *passim*. The ALJ concluded Plaintiff had the RFC to perform sedentary work except that he (1) "is limited to routine and repetitive tasks with simple decisions and judgment"; (2) is capable of only "occasional interaction with co-workers and supervisors"; (3) can adapt to only "occasional changes in the work setting"; and (4) "cannot work at production rate pace." Doc. 11-1 at 22. This is sufficient for purposes of SSR 96-8. *See Walton v. Astrue*, No. 3:10-CV-0815-D, 2011 WL 195975, at *9 (N.D. Tex. Jan. 20, 2011) (Fitzwater, C.J.) (noting that SSR 96-8 requires the ALJ to "discuss 'how the evidence supports each conclusion'" regarding the claimant's ability to perform work-related activities as well as "objective medical and other evidence; resolution of inconsistencies in the evidence as a whole; and a logical explanation of

the effects of the claimant's symptoms on his ability to work."); *see also Dunbar v. Barnhart,* 330 F.3d 670, 672 (5th Cir. 2003) (per curiam) (noting that inherent in the definition of RFC is the understanding that the claimant has an ability to work on a sustained basis).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 16, should be **DENIED**, Defendant's construed *Motion for Summary Judgment*, Doc. 18, should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** on January 27, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICES AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).