IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FRANCISO ESPARZA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No**. 3:21-CV-3231-L-BK** |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY ADMINISTRATION,** § | |
| § | |
| Defendant. § | |

## ORDER

On January 27, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 22) ("Report") was entered, recommending that the court deny Plaintiff's Motion for Summary Judgment (Doc. 16); construe Defendant's response (Doc. 18) as a motion for summary judgment and grant the motion; and affirm the decision of the Commissioner of the Social Security Administration ("Commissioner"). On February 10, 2023, Plaintiff filed objections to the Report. For the reasons herein explained, the court **overrules** Plaintiff's objections and **affirms** the Commissioner's decision as recommended by the magistrate judge.

**I.     Refusal to Admit Evidence**

With respect to the administrative law judge's ("ALJ") decision not to admit evidence from Plaintiff's first disability case ("First DIB Case"), the magistrate found that "the medical evidence in this case contains records dating from as early as 2016, and despite stating that she would not consider evidence that predated the First DIB Case, the ALJ expressly considered all of the earlier records with the exception of a one-page eye exam."   Report 5.   The magistrate judge determined that, while Plaintiff maintains that many records were not considered by the ALJ, he has "not detailed the nature of the records or explained in nonconclusory terms how he

was prejudiced by their omission." *Id*. at 5-6. In addition, the magistrate concluded that, absent a showing of prejudice, Plaintiff's contention about the ALJ's refusal to admit evidence being a violation of the Commissioner's Hearings, Appeals & Litigation Law Manual similarly failed. The magistrate judge further concluded that, "[t]o the extent Plaintiff argues that the ALJ erred in refusing to reopen the First DIB Case and in applying res judicata principles, this [c]ourt lacks subject matter jurisdiction to review those decisions." *Id*. at 6 (quoting *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) ("[a] refusal to reopen or a *res judicata* determination is not reviewable")).

Plaintiff objects, contending that the magistrate judge "failed to find that the ALJ erred in failing to admit evidence associated with a prior ALJ decision, in violation of 20 C.F.R. Sections 404.1512(b) and 416.912(b) and sections I-2-1-13(B)(1) and I-2-I-13(B)(2) of the HALLEX [Commissioner's Hearings, Appeals & Litigation Law Manual]." Pl.'s Obj. 2. Plaintiff contends that the assertion in his summary judgment motion that "many of the previously submitted records reflect impairments that remain in full effect, so that, if they were not to be admitted, the [c]ourt would not be, and indeed could not be, aware of the full breadth of claimant's problems." *Id.* at 2-3.

This argument is insufficient to establish prejudice resulting from the ALJ's decision not to admit certain evidence and simply reinforces the magistrate judge's determination regarding the conclusory nature of this argument. Moreover, Plaintiff failed to address the magistrate judge's alternate and independent conclusion for rejecting this argument on the ground that "[a] refusal to reopen or a *res judicata* determination is not reviewable." Report 6 (quoting *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986)).

## II. Plaintiff's Mental Impairment

Regarding Plaintiff's argument that "the ALJ could not have performed a proper analysis under 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2) because she attributed a medical opinion regarding his mental health solely to an advanced practice nurse ("APN") instead of to both the APN and the doctor who also signed it," the magistrate judge determined that: (1) "applicable regulations require only that the ALJ 'explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [her] determination or decision'"; and (2) "Plaintiff has identified no prejudice stemming from the ALJ's error in attributing the medical opinion solely to the APN." Report 6-7.

Plaintiff objects to the extent that the magistrate judge "did not find that [the] ALJ could not have performed a proper analysis under 20 C.F.R. Sections 404.1520c and 416.920c, due to a flawed discussion of his mental and emotional impairments." Pl.'s Obj. 3. Plaintiff disagrees that he has not shown prejudice and contends that the following assertion in his summary judgment motion is "in effect, a Statement of Prejudice"—"[s]ince [the ALJ] believed she was reviewing the opinions of an advanced practice nurse, rather than those of a medical doctor, she could not have assigned the proper weight to the document." *Id.* (citation omitted). This argument goes to Plaintiff's assertion that the ALJ erred, but it does not show how he was prejudiced by the ALJ's error in attributing the medical opinion solely to the APN.

## III. Social Security Ruling 96-9

The magistrate judge determined that Plaintiff's argument regarding Social Security Ruling 96-8 ("SSR 96-8p") was not adequately briefed and, thus, waived. The magistrate judge further determined that, even if not waived, the argument fails because the ALJ's findings and

Order – Page  3

conclusions are "sufficient for purposes of SSR 96-8" and applicable legal authority dealing with this issue. Report 8 & nn.1-2.

Plaintiff objects, contending that "there is little that [he] could have said on the point than what he stated in his Motion for Summary Judgment. The ALJ failed to follow a ruling, as cited, therefore not analyzing the relevant facts properly which, in and of itself, should be viewed as prejudicial to the [him]." Pl.'s Obj. 3.

The Report expressly warned the parties that any objections to the magistrate judge's findings and conclusions must be specific to satisfy Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). Additionally, the Report made clear that "[a]n objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific," and failure to specifically object would limit a party to a plain error review on appeal of such issue. Report 9. Plaintiff's two-sentence objection regarding this issue is not sufficiently specific and merely references his summary judgment motion without expounding. Additionally, he continues to conflate error by the ALJ with prejudice.

## IV. Conclusion

Having considered the pleadings, motions, file, Report, and record in this case, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiff's objections to the Report for all of the reasons explained; **denies** Plaintiff's Motion for Summary Judgment (Doc. 16); **construes** Defendant's response (Doc. 18) as a motion for summary judgment and **grants** the motion;[*] **affirms** the decision of the Commissioner; and **dismisses with prejudice** this action.

---

[*] Plaintiff did not object to the magistrate judge's *sua sponte* recommendation that Defendant's summary judgment

**Order – Page 4**

**It is so ordered** this 22nd day of February, 2023.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge

---

response be treated as a separate motion for summary judgment and granted, and the Fifth Circuit has held that such a recommendation is sufficient for notice purposes when, as here, the plaintiff has an opportunity to object to the magistrate judge's recommendation. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

**Order – Page 5**